**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YVONNE DALTON, individually and
on behalf of all others similarly
situated; DIAN GARZA, individually
and on behalf of all others
similarly situated; ARMINDA
GUZMAN, individually and on
behalf of all others similarly
situated; SHARON HUGHEN,
individually and on behalf of all
others similarly situated; ETELVINA
SALGADO, individually and on
behalf of all others similarly
situated; HECTOR MIGUEL SALGADO,
individually and on behalf of all
others similarly situated; REFUGIO
SANCHEZ, individually and on
behalf of all others similarly
situated,
   *Plaintiffs-Respondents,*

    v.

LEE PUBLICATIONS, INC., a Delaware
Corporation, d.b.a North County
Times; DOES 1 THROUGH 50,
   *Defendants-Petitioners.*

No. 10-80159

D.C. No.
3:08-cv-01072-BTM
Southern District of
California,
San Diego

ORDER

Submitted October 12, 2010

Filed November 16, 2010

Before: Diarmuid F. O'Scannlain, Stephen S. Trott, and
William A. Fletcher, Circuit Judges.

18523

Order;
Dissent by Judge O'Scannlain

## **ORDER**

The court, in its discretion, denies the petition for permission to appeal the district court's July 27, 2010 order granting class action certification. *See* Fed. R. Civ. P. 23(f); *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005) (per curiam).

O'SCANNLAIN, Circuit Judge, dissenting:

Although I do not necessarily think that the district court's judgment is manifestly erroneous, I must respectfully dissent from our order denying permission to appeal. I am persuaded that its decision is at least debatable and is likely to evade review because of the intense settlement pressure posed by class certification.

Under Federal Rule of Civil Procedure 23(f), this Court has broad discretion to allow interlocutory appeals of class certification decisions. Rule 23(f) states that "a court of appeals *may* permit an appeal from an order granting or denying class-action certification," without providing any criteria to limit this discretion. Fed. R. Civ. P. 23(f) (emphasis added); *see also id.* (advisory note) (noting that Rule 23(f) differs from the interlocutory appeal requirement of 28 U.S.C. § 1292(b) in that 23(f) omitted "the potentially limiting requirements of § 1292(b)"). According to the advisory committee's note, Rule 23(f)'s drafters intended to give the courts of appeal "unfettered discretion . . . akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." Fed. R. Civ. P. 23(f) (advisory note).

I agree that *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005), referred to in the order, controls the disposition of this petition. But *Chamberlan* was "not intended to circumscribe the broad discretion granted the courts of appeal by Rule 23(f)." *Id.* at 960; *see also id.* ("We underscore that the decision to permit interlocutory appeal is, at bottom, a discretionary one."). Instead, *Chamberlan* merely noted that:

> Review of class certification decisions will be *most appropriate* when: (1) there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable; (2) the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous.

*Id.* at 959 (emphasis added).

We should pay particular attention to the first *Chamberlan* circumstance because it best embodies Rule 23(f)'s purpose of allowing interlocutory review where the unique settlement pressures of class action suits would otherwise foreclose any appellate review whatsoever. *See id.* (noting that the concerns which "justify expansion of present opportunities to appeal," are (1) that "[a]n order denying certification may confront the plaintiff with a situation in which the only sure path to appellate review is by proceeding to final judgment" on a "claim that, standing alone, is far smaller than the costs of litigation," and (2) that "[a]n order granting certification . . . may force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability"); *cf. Castano v. Am. Tobacco Co.*, 84 F.3d 734, 746 (5th Cir. 1996) ("[C]lass certification creates insurmountable pres-

sure on defendants to settle, whereas individual trials would not. The risk of facing an all-or-nothing verdict presents too high a risk, even when the probability of an adverse judgment is low. These settlements have been referred to as judicial blackmail.").

Where these settlement pressures exist, one party faces a "death-knell situation." *Chamberlan*, 402 F.3d at 960. Accordingly, an interlocutory appeal is appropriate even if the certification decision is not "manifestly erroneous," so long as it is "questionable." *Id.* Moreover, Rule 23(f)'s text and purpose counsel a broad reading of "death-knell situation." *Id.*

Petitioner Lee Publications is a newspaper publishing company. It has been sued by a class consisting of its approximately 800 distributors. The distributors allege that they are Petitioner's employees, as opposed to independent contractors, and are therefore entitled to certain benefits under the California labor laws. The district court certified the class. That determination is questionable because deciding whether each distributor is an employee requires fact-intensive inquiries that are specific to each member of the class.

The key distinction between employees and independent contractors, under California law and elsewhere, is whether the employee exercises "the right to control the manner and means of accomplishing the result desired." *Tieberg v. Unemployment Ins.*, 471 P.2d 975, 977 (Cal. 1970). Here, the contract between Petitioner and the class members is clearly written with the intention of establishing an independent contractor relationship. *See* District Court Order (Dkt. No. 76), at 11 (noting that the contract specified, inter alia, that class members (1) were independent contractors, (2) were "free to ignore all suggestions offered by [Petitioner]," and (3) must supply their own vehicles and equipment)). Thus, Respondents cannot establish that they are employees by reference to their contract. Instead, if Respondents are to prevail, they will have to show that Petitioner exercised *de facto* control over

the means by which they delivered newspapers. But, this will require an examination of the working relationship between Petitioner and each member of the class, raising serious questions as to whether class certification is appropriate. *See* Fed. R. Civ. Pro. 23(b)(3).

Moreover, Petitioner faces a "death-knell situation" because certification will expose it, a member of the struggling newspaper industry, to $18 million in liability, thereby exerting intense settlement pressure. *See* Pet.'s Br. at 16-17. Because Petitioner faces a "death-knell situation" and the district court order is "questionable," I would grant permission to appeal. *Chamberlan*, 402 F.3d at 959.

I respectfully dissent.